UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE LAWRENCE,

                                       Plaintiff,

                -against-

CITY CADILLAC, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER JULIO MEYRELES, individually and in his official capacity and as an aider and abettor, and POLICE OFFICERS JOHN DOE #1-10 (the name JOHN DOE being fictitious, as the true names are presently unknown), individually and in their official capacities and as aiders and abettors,

                                    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF THE CITY DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City and NYPD*
*100 Church Street*
*New York, N.Y. 10007*


Of Counsel: Bradford C. Patrick
Tel: (212) 788-1575

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................... 2

STANDARD OF REVIEW ..................................................................................... 3

ARGUMENT ....................................................................................................... 5

POINT I

PLAINTIFF'S FALSE ARREST SHOULD BE
DISMISSED BECAUSE THERE WAS PROBABLE
CAUSE TO ARREST HIM ..................................................................... 4

POINT II

PLAINTIFF'S MALICIOUS PROSECUTION CLAIM
MUST BE DISMISSED ......................................................................... 7

A.    The Well-Pleaded Facts Do Not Plausibly
Suggest Plaintiff Was Maliciously Prosecuted ........................................... 8

B.    Plaintiff Has Not Plausibly Alleged the
Absence of Probable Cause ....................................................................... 9

C.  Plaintiff Has Not Adequately Alleged a
Favorable Termination ............................................................................. 10

D. Plaintiff Fails to Allege an Adequate Liberty
Restraint ................................................................................................. 11

POINT III

PLAINTIFF FAILS TO STATE A CLAIM FOR ABUSE
OF PROCESS ...................................................................................... 12

POINT IV

ANY SECTION 1983 CLAIM ARISING FROM AN
ALLEGED VIOLATION OF PLAINTIFF'S FIRST,
FIFTH AND EIGHTH AMENDMENT RIGHTS
SHOULD BE DISMISSED ..................................................................... 13

POINT V

    THE NEW YORK CITY POLICE DEPARTMENT IS
    NOT A SUABLE ENTITY ................................................................................ 13

POINT VI

    NO SECTION 1983 CLAIM CAN LIE AGAINST THE
    CITY ................................................................................................................ 14

POINT VII

    PLAINTIFF'S STATE-LAW CLAIMS MUST BE
    DISMISSED AS TIME BARRED AND FOR FAILING
    TO PLEAD COMPLIANCE WITH THE GENERAL
    MUNICIPAL LAW ........................................................................................ 15

CONCLUSION ......................................................................................................... 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

MAURICE LAWRENCE,

                                   Plaintiff,

           -against-

CITY CADILLAC, et al.

                               Defendants.

---------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THE CITY DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

10 Civ. 3324 (DAB)

## PRELIMINARY STATEMENT

Plaintiff Maurice Lawrence, appearing through counsel, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights, against City Cadillac, the City of New York ("City"), New York City Police Department ("NYPD"), Police Officer Julio Meyreles and various unidentified police officers. The City and NYPD (collectively "City Defendants") now move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (1) plaintiff's false arrest claim fails due to the existence of probable cause established on the face of the complaint; (2) plaintiff fails to state a claim of malicious prosecution; (3) plaintiff has not stated a claim of abuse of process; (4) plaintiff fails to adequately allege a violation of his First, Fifth or Eighth Amendment rights; (5) the NYPD is not a suable entity; (6) plaintiff cannot state a § 1983 against the City because he cannot show an underlying violation of his constitutional rights and nevertheless has not adequately pled a <u>Monell</u> claim; and (7) plaintiff's state-law

claims against the City are barred by the statute of limitations and his failure to file a notice of claim.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts alleged in the complaint, which are sparse, are accepted as true solely for purposes of this motion. On November 8, 2008, plaintiff was driving a 2008 Cadillac Escalade when he was pulled over by members of the NYPD near the corner of 2nd Avenue and East 103rd Street, New York, New York. (Complaint, Patrick Decl., Ex. "B" (hereinafter "Compl.") ¶¶ 18-19.) Evidently, plaintiff had obtained a temporary license plate on or about October 12, 2008, from City Cadillac, which appears to be a car dealership. (Id. ¶ 20.) The dealership had handwritten certain required information onto the temporary license plate. (Id.) The dealership also provided plaintiff with a vehicle registration. (Id.) The registration, which plaintiff concedes was improper, was erroneously issued to a 2005 Cadillac (the complaint does not specify the model), as opposed to the 2008 Cadillac Escalade plaintiff was driving on November 8, 2008. (Id.) Plaintiff was arrested and charged with criminal possession of a forged instrument in the third degree, although plaintiff does not allege whether Police Officer Meyreles, who is named in the complaint, or another officer participated in the arrest. (Id. ¶ 18.) Plaintiff was thereafter arraigned and was returned to court several times before the criminal charges were dismissed. (Id. ¶¶ 21-25.)

He now brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights and pendent state-law causes of action. As an initial matter, City Defendants note that the Court's electronic docket sheet does not indicate that service of process as to the individually-named defendant, Police Officer Julio Meyreles, has been filed as required by Fed. R. Civ. P. 4(l). As the Office of Corporation Counsel has not received a request

for representation from Officer Meyreles, it does not appear that he has been served with a copy of the summons and complaint as of this writing.  Accordingly, Officer Meyreles is not a party to this litigation and the instant motion is not submitted on his behalf.  Nevertheless, City Defendants submit that the City and NYPD have standing to challenge the sufficiency of the claims premised upon plaintiff's arrest and prosecution, as plaintiff is required, as a precondition for establishing liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 689-91 (1978), to demonstrate an underlying violation of his rights.  See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2009).

## STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should accept the material facts alleged in the complaint as true and construe all reasonable inferences in the nonmoving party's favor.  See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).

A complaint may be dismissed pursuant to Rule 12(b)(6) where it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007).  In order to state a claim, the factual allegations contained in the pleading "must be enough to raise a right to relief above the speculative level." Twombly,  127 S. Ct. at 1965; see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir 2007) ("While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'").  A complaint satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 549 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

Evaluating the sufficiency of a complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The Court may and should disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. at 1949. After examining the remaining factual matter, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)).

In resolving a motion to dismiss, the Court may rely upon the following factual matter: (1) the factual allegations in the complaint; (2) documents that are either attached to the complaint or incorporated by reference; (3) matters of which judicial notice may be taken; and (4) documents that are either in the plaintiff's possession or that were relied upon in bringing suit. Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993).

## ARGUMENT

### POINT I

### PLAINTIFF'S FALSE ARREST SHOULD BE DISMISSED BECAUSE THERE WAS PROBABLE CAUSE TO ARREST HIM

To state a claim of false arrest, a plaintiff must show: "'(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)); Curry v. City of Syracuse, 316 F.3d 324, 335 (2d Cir. 2003). In other words, "a plaintiff claiming false arrest must show, inter alia, that the defendant intentionally confined him without his consent and without justification." Weyant v. Okst, 101 F.3d 845, 852

(2d Cir. 1996).  An arrest is justified or privileged if it is based on probable cause, which is a complete defense to a claim for false arrest.  Savino, 331 F.3d at 76 (citing Broughton v. State, 335 N.E.2d 310 (N.Y. 1975)).

City Defendants respectfully submit that plaintiff's false arrest claim fails due to the existence of probable cause, even accepting plaintiff's recitation of the facts as true. Probable cause is an objective determination based upon the information available to the officer at the time of the arrest; the officer's subjective beliefs and motivations are irrelevant.  Codling v. City of New York, No. 01 Civ. 2884 (RWS), 2002 U.S. Dist. LEXIS 16547, at *13 (S.D.N.Y. Sept. 5, 2002) (citing Whren v. United States, 517 U.S. 806, 813 (1996); Martinez v. Simonetti, 202 F.3d 625, 633 (2d Cir. 2000)); see also Lowth v. Town of Cheektowage, 82 F.3d 563, 570 (2d Cir. 1996) (probable cause for an arrest "must be determined on the basis of the information reasonably available to the arresting officer at the time of the arrest").  Probable cause does not require concrete proof of each element of a crime; it exists where the defendant is "in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense."  Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).  A probable cause determination "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."  Illinois v. Gates, 462 U.S. 213, 245 (1983).

Furthermore, the Supreme Court has held that a warrantless arrest satisfies the Fourth Amendment as long as there is probable cause that the suspect committed some crime. Devenpeck v. Alford, 543 U.S. 146, 154-55 (2004).  There need not be probable cause for the crime articulated by the arresting officer or even for a crime that is "closely related" to the crime. Id.  In essence, the Supreme Court in Devenpeck held that an arrest is lawful, even if the grounds

for the arrest turn out to be baseless, so long as there is some other permissible basis that could have been used for police action. Id. This remains true regardless of the severity of the crime at issue. "In a long line of cases, [the Supreme Court] ha[s] said that when an officer has probable cause to believe a person committed even a minor crime in his presence, … [t]he arrest is constitutionally reasonable." Virginia v. Moore, 553 U.S. 164, 128 S. Ct. 1598, 1604 (2008) (citations omitted).

Because plaintiff concedes the registration in his possession corresponded to a 2005 Cadillac of an unspecified model as opposed to the 2008 Cadillac Escalade he was driving at the time of his traffic stop, there was probable cause to arrest him. New York Vehicle and Traffic Law ("VTL") § 401(1)(a) requires that all vehicles driven on public highways be registered consistent with the provisions of the VTL. Additionally, VTL § 401(4) grants law enforcement the authority to request proof of registration from motorists, and further provides that a motorist's failure to produce valid registration will be considered presumptive evidence that the vehicle is not lawfully registered. Accordingly, plaintiff's concessions in the complaint establish presumptive evidence that he was in violation of the VTL when allegedly pulled over by police officers. As plaintiff has alleged no facts which would have rebutted that presumption, the Court should find that there was probable cause to arrest plaintiff.

It bears noting that New York state law expressly authorizes warrantless arrests for VTL violations, such as operating an unregistered vehicle. Violations of the VTL are "punish[ible] by a fine… or by imprisonment." N.Y. Veh. & Traf. § 1800 (emphasis added). New York Criminal Procedure Law § 140.10(1)(a) permits a police officer to effect a warrantless arrest upon reasonable cause that "[a]ny offense" has been committed, without regard to the punishment meted out or its classification as a violation, misdemeanor or felony. See also N.Y.

Penal Law § 10.00 (defining "offense" as conduct punishable by either imprisonment or fine). Several courts within this district have dismissed false arrest claims where probable cause is established for a VTL violation. See Smart v. City of New York, No. 08 Civ. 2203 (HB), 2009 U.S. Dist. LEXIS 30241, at **13-15 (S.D.N.Y. Mar. 30 2009) (dismissing false arrest claim where plaintiff conceded that his vehicle was double parked); Davenport v. County of Suffolk, No. 99 Civ. 3088 (JFB), 2007 U.S. Dist. LEXIS 12696 (E.D.N.Y. Feb. 23, 2007) (granting summary judgment where plaintiff refused to submit to an intoxication test); see also Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

Accordingly, the Court should dismiss plaintiff's false arrest claim.

## POINT II

## PLAINTIFF'S MALICIOUS PROSECUTION CLAIM MUST BE DISMISSED

To state a claim of malicious prosecution, a plaintiff must show: (1) that the defendant commenced or continued a criminal proceeding against plaintiff; (2) that the proceeding was terminated in the plaintiff's favor; (3) an absence of probable cause for the proceeding; and (4) that the proceeding was instituted with malice. Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004). Additionally, in order for a malicious prosecution claim to be cognizable as a constitutional tort, a plaintiff must also demonstrate a post-arraignment restraint on his liberty consistent with the Fourth Amendment concept of a seizure. Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995). City Defendants respectfully submit that the malicious prosecution claim is subject to dismissal under Rule 12(b)(6) because plaintiff has (a)

offered merely a formulaic recitation of the elements of a malicious prosecution claim, (b) failed to adequately allege an absence of probable cause to commence the prosecution, (c) failed to adequately plead the existence of a favorable termination, and (d) failed to allege that he was subject to an adequate restraint on his liberty following his arraignment.

**A.      The Well-Pleaded Facts Do Not Plausibly Suggest Plaintiff Was Maliciously Prosecuted**

Plaintiff's malicious prosecution claim (Compl. ¶¶ 27-49), is simply a "formulaic recitation of the elements of a [malicious prosecution] cause of action." Twombly, 550 U.S. at 555. There are no well-pleaded facts offered in support of the claim, simply that plaintiff was arrested at certain date and time, that he was arraigned, and that the criminal charges were eventually dismissed. Paragraphs 27 through 49 simply levy boilerplate allegations that are interchangeable with any purported cause of action for malicious prosecution. Moreover, plaintiff's allegation in paragraph 44, that "Municipal defendants misrepresented and falsified evidence before the Grand Jury," is curious in light of the fact that criminal possession of a forged instrument in the third degree, the only charge that is referenced throughout the complaint, is a misdemeanor that would not be presented to a grand jury for purposes of obtaining an indictment.

Plaintiff has made no allegations that are particularized to the circumstances of his prosecution that would allow the Court (or City Defendants) to conclude that he is plausibly entitled to damages under a malicious prosecution theory. Accordingly, the City Defendants respectfully submit that plaintiff's malicious prosecution claim does not comply with Rule 8 in light of the Supreme Court's recent decisions in Twombly and Iqbal.

**B.      Plaintiff Has Not Plausibly Alleged the Absence of Probable Cause**

It is plaintiff's burden to establish a lack of probable cause for the criminal proceeding in a malicious prosecution action.  Pinsky v. Duncan, 79 F.3d 306, 312 (2d Cir. 1996).  As detailed above, there was probable cause to believe that plaintiff operated his vehicle without a valid registration.  While probable cause to arrest an individual can dissipate by the time criminal proceedings are commenced such to breathe new life into a malicious prosecution claim, probable cause dissipates only where "the groundless nature of the charge [is] made apparent by the discovery of some intervening fact."  Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996).  Plaintiff wholly fails to allege the existence of any additional facts that came to light between the time of his arrest and the commencement of the prosecution that would serve to cast doubt on the probable cause that existed when he was arrested.  Moreover, the complaint contains no allegations, aside from conclusory statements to the contrary, that the criminal prosecution lacked probable cause.

The pleadings are unclear whether plaintiff was charged in the criminal prosecution with criminal possession of a forged instrument in the third degree, as the complaint only alleges that the arresting officers arrested him on that basis.  (Compl. ¶ 18.)  Assuming that the same charge was levied against plaintiff in the criminal prosecution, the improper registration would have given rise to probable cause to commence a prosecution for criminal possession of a forged instrument in the third degree.  "A person is guilty of criminal possession of a forged instrument in the third degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses a forged instrument."  N.Y. Pen. L. § 170.20.  A forged instrument is defined as a "written instrument which has been falsely made, completed or altered."  N.Y. Pen. L. § 170.00(7).

Plaintiff does not dispute that the registration he possessed was in fact erroneously completed and corresponded to a vehicle of a different model and year than the one he was operating at the time of the traffic stop. (Compl. ¶ 20.) This fact would give rise to a reasonable belief that the registration was "falsely made, completed or altered", and qualifying as a forged instrument. Nor does plaintiff dispute possessing the registration. (Id.) Even in light of § 170.20's scienter requirement, plaintiff's possession of the registration is sufficient to provide probable cause that the criminal case could be successfully prosecuted.

The Second Department's decision in Jenks v. State, 213 A.D.2d 513 (N.Y. App. Div. 2d Dep't 1995), is especially instructive on this issue and bears striking similarity to this case. The plaintiffs in Jenks brought claims of malicious prosecution against the State after motor vehicle inspection stickers turned out to be forged and each plaintiff was prosecuted for criminal possession of a forged instrument in the third degree. 213 A.D.2d at 514. On the issue of scienter, the Second Department held that, notwithstanding the plaintiffs' consistent denial of knowledge that the stickers were forgeries, probable cause nevertheless existed to charge them, highlighting the distinction between the evidence required to establish probable cause and that required to sustain a conviction. Id. In light of the existing probable cause, the Jenks court, of course, dismissed the claims of malicious prosecution. Id.

## C. Plaintiff Has Not Adequately Alleged a Favorable Termination

Plaintiff has additionally failed to allege facts that would plausibly suggest that the prosecution terminated in a manner favorable to him. Plaintiff simply avers that all charges against him were dismissed without additional detail. (Compl. ¶ 25.) Under New York state law, there are several types of dismissals that have been held not to satisfy the favorable termination element of a malicious prosecution claim. See Rothstein v. Carrierre, 373 F.3d 275,

287 (2d Cir. 2004) (adjournment in contemplation of dismissal not a favorable termination as a matter of law); Hygh v. Jacobs, 961 F.2d 359, 368 (2d Cir. 1992) (dismissal in the interest of justice not a favorable termination as a matter of law), accord Lynch v. Suffolk County Police Dep't, Inc., No. 07 Civ. 3684, 2009 U.S. App. LEXIS 22489, at *4 (2d Cir. Oct. 14, 2009); Smith-Hunter v. Harvey, 95 N.Y.2d 191, 195-200 (N.Y. 2000) (dismissals under speedy trial provisions must be analyzed on a case-by-case basis to determine whether the disposition is inconsistent with innocence).  Absent more particularized pleading from plaintiff, the Court cannot conclude on the face of the complaint whether plaintiff could satisfy the favorable termination element.

Plaintiff's allegation that the criminal charges were dismissed fails to satisfy the pleading standards as recently articulated by the Supreme Court.  On this point, plaintiff's "complaint pleads facts that are merely consistent with [] liability, [but] stops short of the line between possibility and plausibility of entitlement to relief."  Iqbal, 129 S. Ct. at 1949 (quotation marks and citation omitted).

## D.	Plaintiff Fails to Allege an Adequate Liberty Restraint

Plaintiff has also failed to allege facts from which the Court could plausibly conclude he suffered a post-arraignment deprivation of his liberty consistent with the Fourth Amendment concept of a seizure.  Singer v. Fulton County Sheriff, 62 F.3d at 116.  After his arraignment, plaintiff alleges that he was required to return to court on several occasions. (Compl. ¶¶ 21-24.)  City Defendants submit that the requirement to return to Court on several occasions, without more, does not amount to an adequate liberty restraint implicating plaintiff's federal constitutional rights.  See Burg v. Gosselin, 591 F.3d 95, 101 (2d Cir. 2010) (holding that the requirement to return to Court on a single occasion cannot form the predicate for a Fourth

Amendment claim); <u>Thomas v. City of New York</u>, No. 05 Civ. 6449 (LTS)(THK), 2008 U.S. Dist. LEXIS 61555, at **13-15 (S.D.N.Y. Aug. 12, 2008) (three court appearances insufficient); <u>Niemann v. Whalen</u>, 911 F. Supp. 656, 670 (S.D.N.Y. 1996) (requirement that plaintiff return to court for hearings not an adequate deprivation of liberty).

**POINT III**

**PLAINTIFF FAILS TO STATE A CLAIM FOR ABUSE OF PROCESS**

As with false arrest and malicious prosecution claims, the elements of a malicious abuse of process claim are defined under state law.  <u>See</u> <u>Brandon v. City of New York</u>, No. 07 Civ. 8789 (LAP), 2010 U.S. Dist. LEXIS 32877, at *33 (S.D.N.Y. Mar. 30, 2010).  In New York, a malicious abuse of process claim lies against "a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process."  <u>Savino v. The City of New York</u>, 331 F.3d 63, 76 (2d Cir. 2003).

Central to a claim for abuse of process is the existence of a collateral objective, a component which the plaintiff here has failed to allege.  Examples of the types of collateral objectives covered by this tort are economic harm, extortion, blackmail and retribution.  <u>See</u> <u>Bd. of Educ. v. Farmingdale Classroom Teachers Ass'n</u>, 38 N.Y.2d 397, 404 (1975).  Moreover, the collateral element of the claim must occur <u>after</u> process is issued.  <u>See</u> <u>Baez v. Jetblue Airways Corp.</u>, No. 09 Civ. 596 (CPS)(SMG), 2009 U.S. Dist. LEXIS 67020, at *24 (E.D.N.Y. Aug. 3, 2009).  A "malicious motive" in bringing the prosecution, without more, does not give rise to a malicious abuse of process claim.  <u>Id.</u> (quoting <u>Curiano v. Suozzi</u>, 63 N.Y.2d 113, 117 (1984)).

"If [one] uses the process of the court for its proper purpose, though there is malice in his heart, there is no abuse of process." <u>Brandon</u>, 2010 U.S. Dist. LEXIS 32877, at *34 (quoting <u>Hauser v. Bartow</u>, 273 N.Y. 370, 374, 7 N.E.2d 268 (1937)).

Here, not only has plaintiff failed to allege altogether the existence of a collateral objective, but he has failed to allege any actions taken by City Defendants after process was issued against him. Additionally the existence of probable cause, as described above in Points I and II, also serves to defeat his abuse of process claim. <u>See</u> <u>Jones v. J.C. Penny's Dep't Stores Inc.</u>, 317 Fed. Appx. 71, 74 (2d Cir. 2009) (existence of probable cause requires dismissal of abuse of process claim whether brought under state or federal law).

The Court should accordingly dismiss plaintiff's abuse of process claim.

<b>POINT IV</b>

**ANY SECTION 1983 CLAIM ARISING FROM AN ALLEGED VIOLATION OF PLAINTIFF'S FIRST, FIFTH AND EIGHTH AMENDMENT RIGHTS SHOULD BE DISMISSED**

To the extent plaintiff seeks to impose liability upon City Defendants for alleged violations of his rights secured by the First, Fifth and Eight Amendments (Compl. ¶ 28), such claims should be dismissed due to plaintiff's failure to describe any facts or theory upon which violation of those amendments could be established. <u>See generally</u> Fed. R. Civ. P. 8(a).

<b>POINT V</b>

**THE NEW YORK CITY POLICE DEPARTMENT IS NOT A SUABLE ENTITY**

Because the NYPD lacks the capacity to be sued, all claims against it must be dismissed as a matter of law. Chapter 17, Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall

be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." Courts within this District routinely dismiss claims against the NYPD on this basis. See Koulkina v. City of New York, 559 F. Supp. 2d 300, 315 (S.D.N.Y. 2008) (collecting cases), adopted by 559 F. Supp. 2d 305 (S.D.N.Y. 2008); Rossi v. N.Y. City Police Dep't, No. 94 Civ. 5113 (JFK), 1998 U.S. Dist. LEXIS 1717, at *14-15 (S.D.N.Y. Feb. 17, 1998).

## POINT VI

## NO SECTION 1983 CLAIM CAN LIE AGAINST THE CITY

If, of course, the plaintiff is unable to make out an underlying violation of his rights, there is not an independent cause of action under Monell. Segal v. City of New York, 459 F.3d at 219. Accordingly, should the Court grant City Defendants' motion as to the false arrest, malicious prosecution, and abuse of process claims, the § 1983 claim against the City must also fail.

A central tenet of § 1983 jurisprudence is that only "a person acting under the color of state law" can be held liable for constitutional violations. Parratt v. Taylor, 451 U.S. 527, 535 (1984). In order to hold a municipality liable as a "person" within the meaning of § 1983, the plaintiff must establish that the municipality itself was somehow at fault. Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985); Monell v. Dep't of Soc. Servs., 436 U.S. at 689-91. "The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused [his] injuries … Second, the plaintiff must establish a causal connection – an 'affirmative link' – between the policy and the deprivation of [his] constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987) (citing Tuttle, 471 U.S. at 824 n.8). Therefore, in order to

- 14 -

establish municipal liability, plaintiff must demonstrate that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694.

Here, as with several of plaintiff's claims, his allegations with respect to an alleged policy, practice or custom of the City leading to plaintiff's alleged constitutional violation are also too conclusory for the Court to accept as true, and must be dismissed. See Rivera v. City of New York, No. 07 Civ. 5999 (DAB), 2010 U.S. Dist. LEXIS 27603, at **14-16 (S.D.N.Y. Mar. 17, 2010) (Batts, J.) (finding boilerplate pleading of a City-wide policy or practice insufficient to state a claim under Monell); Cuevas v. City of New York, No. 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at **8-13 (S.D.N.Y. Dec. 7, 2009) (In dismissing boilerplate Monell claim, that "[b]aldy asserting that Plaintiff's injuries are the result of the City's policies does not show th[e] Court what the policy is or how that policy subjected Plaintiff to suffer the denial of a constitutional right."). Moreover, the sole incident alleged in the complaint is an insufficient predicate for the Court to plausibly infer the existence of a City-wide pattern of misconduct of the type alleged by plaintiff. Abreu v. City of New York, 657 F. Supp. 2d 357, 360-61 (E.D.N.Y. 2009) (single instance of misconduct insufficient to state a Monell claim premised upon the City's deliberate indifference).

The Court should accordingly dismiss the Monell claim against the City.

## POINT VII

### PLAINTIFF'S STATE-LAW CLAIMS MUST BE DISMISSED AS TIME BARRED AND FOR FAILING TO PLEAD COMPLIANCE WITH THE GENERAL MUNICIPAL LAW

The Sixth and Seventh Causes of Action allege state-law claims of intentional infliction of emotional distress and negligent hiring and retention against City Defendants.

(Compl. ¶¶ 65-72.)  The Eighth Cause of Action, sounding in negligence, is pled solely against defendant City Cadillac.  The state-law claims asserted against City Defendants must be dismissed because plaintiff has failed to comply with the requirements of New York General Municipal Law ("GML").  GML §§ 50-e and 50-i require that plaintiffs asserting state tort law claims against a municipal entity or its employees must (1) file a notice of claim within 90 days after the incident giving rise to the claim, and (2) commence the action within 1 year and 90 days from the date on which the cause of action accrues.  N.Y. Gen. Mun. L. §§ 50-e and 50-i.  In addition, GML § 50-i(b) requires that "it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice [of claim] and that adjustment or payment thereof has been neglected or refused …"  Id.   The failure to comply with any condition is grounds for dismissal of the action.  Silberstein v. County of Westchester, 92 A.D. 867 (2d Dep't 1983), aff'd, 62 N.Y.2d 675 (1984).

The notice of claim requirements are strictly construed, and a plaintiff's "failure to comply with the mandatory New York statutory notice-of-claim requirements generally results in dismissal of his claims." Warner v. Village of Goshen Police Dep't, No. 01 Civ. 9857 (CM)(GAY), 2003 U.S. Dist. LEXIS 6368, at *7 (S.D.N.Y. Apr. 2, 2003); Hyde v. Caputo, No. 98 Civ. 6772 (FB)(ASC), 2001 U.S. Dist. LEXIS 6253, at *14 (E.D.N.Y. May 11, 2001). Specifically, failure to comply with these requirements requires a dismissal for failure to state a cause of action.  Brown v. Metropolitan Trans. Auth., 717 F. Supp. 257, 259 (S.D.N.Y. 1989). Here, plaintiff has failed to plead compliance with the notice-of-claim provisions.  This omission appears to be attributable to the fact that, upon information and belief, plaintiff did not file a notice of claim before filing the instant law suit.

Moreover, even had plaintiff filed a notice of claim, he failed to file this action within one year and ninety days of accrual. Plaintiff alleges that he was arrested on November 8, 2008 and arraigned shortly thereafter. (Compl. ¶¶ 18, 21.) Therefore, plaintiff had until February 8, 2010 to commence this action to timely assert claims against City Defendants under state law. Plaintiff did not file this action until April 20, 2010 and, accordingly, his state-law claims against City Defendants must be dismissed. See, e.g., Smart v. City of New York, No. 08 Civ. 2203 (HB), 2009 U.S. Dist. LEXIS 30241, at **35-36 (S.D.N.Y. Apr. 1, 2009) (state-law claims against the City dismissed where the action was commenced more than one year and ninety days after accrual event).

## CONCLUSION

For all the reasons set forth herein, defendants the City of New York and the New York City Police Department respectfully request that the complaint be dismissed against them in its entirety, with prejudice, together with such and other further relief as this Court may deem just and proper.

Dated:  New York, NY
     May 25, 2010

          MICHAEL A. CARDOZO
          Corporation Counsel of the
          City of New York
          *Attorney for Defendants City and NYPD*
          100 Church Street
          New York, NY 10007
          (212) 788-1575

          By:      /s/
             Bradford C. Patrick
             Assistant Corporation Counsel
             Special Federal Litigation Division

TO:    <u>BY ECF</u>
        Lauren P. Raysor, Esq.
        *Attorney for Plaintiff*
        11 Penn Plaza, Suite 500
        New York, New York 10001